UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD BROWN, BRIAN JENNEWEIN, JOHN FINDER, JOHN HOPKIN, ROBERT GUINN, RICHARD FRISCH, JR., R. MIKE HEITKAMP, JR., JOHN J. SMITH, BRIAN GRANT and DAVID GILLICK, in their representative capacities as trustees of the Bricklayers' Local Union No. 1 of Missouri Welfare Trust, Bricklayers' Local Union No. 1 of Missouri Pension Trust and Bricklayers' Local Union No. 1 Supplemental Pension Plan, and BRICKLAYERS' LOCAL UNION NO. 1 OF MISSOURI WELFARE TRUST, an employee benefit plan, BRICKLAYERS' LOCAL UNION NO. 1 OF MISSOURI PENSION TRUST, an employee benefit plan, and BRICKLAYERS' LOCAL UNION NO. 1 SUPPLEMENTAL PENSION PLAN, an employee benefit plan, | Case No. |
| and | |
| NICHOLAS FRISCH, ROBERT GUINN, BRIAN GRANT, DONALD BROWN, JOHN FINDER and DAVID GILLICK, in their representative capacities as trustees of the Bricklayers' Local Union No. 1 of Missouri Vacation Trust, and BRICKLAYERS' LOCAL UNION NO. 1 OF MISSOURI VACATION TRUST, an employee benefit plan, | |
| and | |
| DONALD BROWN, JOHN FINDER, BRIAN JENNEWEIN, DAVID GILLICK, JOHN HOPKIN, ROBERT GUINN, KENNETH S. SKAGGS, RICHARD K. SWANSON, JOHN JAHNSEN, and THOMAS SCHMITT, in their representative capacities as trustees of the Bricklayers' Local Union No. 1 of Missouri Apprenticeship and Training Trust, and BRICKLAYERS' LOCAL UNION NO. 1 OF MISSOURI APPRENTICESHIP AND TRAINING TRUST, an employee benefit plan, | |

|  |  |
|---|---|
| and | ) |
|  | ) |
|  | ) |
| JOHN J. FLYNN, JAMES BOLAND, KEN | ) |
| LAMBERT, GERALD O'MALLEY, GERARD | ) |
| SCARANO, HENRY KRAMER, EUGENE | ) |
| GEORGE, MATTHEW AQUILINE, GREGORY | ) |
| HESS, WILLIAM MCCONNELL, ROBERT | ) |
| HOOVER, CHARLES COSTELLA, TIMOTHY | ) |
| DRISCOLL, FRED KINATEDER, and JOHN | ) |
| TRENDELL, in their representative capacities | ) |
| as trustees of Bricklayers and Trowel Trades | ) |
| International Pension Fund and BRICKLAYERS | ) |
| AND TROWEL TRADES INTERNATIONAL | ) |
| PENSION FUND, an employee benefit plan, | ) |
|  | ) |
| and | ) |
|  | ) |
| DONALD BROWN, JOHN HOPKIN, BRIAN | ) |
| JENNEWEIN, JOHN FINDER, ROBERT GUINN, | ) |
| DANIEL J. DWYER, DAVID GILLICK, R. | ) |
| MIKE HEITKAMP, JR., BRIAN GRANT, | ) |
| and RICHARD FRISCH, JR. in their representative | ) |
| capacities as trustees of the Masonry Institute of St. | ) |
| Louis, and THE MASONRY INSTITUTE OF | ) |
| ST. LOUIS, a non-profit organization, | ) |
|  | ) |
| and | ) |
|  | ) |
| BRICKLAYERS' UNION LOCAL NO. 1, | ) |
| a labor organization, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| MARVIN PEEBLES MASONRY, INC., | ) |
| a Missouri corporation, | ) |
|  | ) |
| Defendant. | ) |

## COMPLAINT

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant Marvin Peebles Masonry, Inc., state:

2

1. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Welfare Trust ("the Welfare Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Donald Brown, Brian Jennewein, John Finder, John Hopkin, Robert Guinn, Richard Frisch, Jr., R. Mike Heitkamp, John J. Smith, Brian Grant and David Gillick are the duly designated and acting Trustees of the Welfare Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

2. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Pension Trust ("the Pension Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Donald Brown, Brian Jennewein, John Finder, John Hopkin, Robert Guinn, Richard Frisch, Jr., R. Mike Heitkamp, John J. Smith, Brian Grant and David Gillick are the duly designated and acting Trustees of the Pension Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

3. Plaintiff, Bricklayers' Local Union No. 1 Supplemental Pension Plan ("the Supplemental Pension Plan"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Its Trustees are the same as those for the Pension Trust.

4. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Vacation Trust ("the Vacation Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs Nicholas Frisch, Robert Guinn, Brian Grant, Donald Brown, John

Finder, and David Gillick are the duly designated and acting Trustees of the Vacation Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

5. Plaintiff, Bricklayers' Local Union No. 1 of Missouri Apprenticeship and Training Trust ("the Apprenticeship and Training Trust"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 arid 1145. Plaintiffs Donald Brown, John Finder, Brian Jennewein, David Gillick, John Hopkin, Robert Guinn, Kenneth S. Skaggs, Richard K. Swanson, John Jahnsen and Thomas Schmitt are the duly designated and acting Trustees of the Apprenticeship and Training Trust, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

6. Plaintiff, Bricklayers and Trowel Trades International Pension Fund ("Int'l Pension Fund"), is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiffs John J. Flynn, James Boland, Ken Lambert, Gerald O'Malley, Gerard Scarano, Henry Kramer, Eugene George, Matthew Aquiline, Gregory Hess, Robert Hoover, Charles Costella, William McConnell, Timothy Driscoll, Fred Kinateder and John Trendell are the duly designated and acting Trustees of the Bricklayers and Trowel Trades International Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002 (21) (A) and 1132.

7. Plaintiff, Masonry Institute of St. Louis ("the Masonry Institute") is and was at all times hereinafter mentioned a not-for-profit corporation incorporated and in good standing under

4

the laws of the State of Missouri.  Plaintiffs Donald Brown, Brian Jennewein, John Finder, Robert Guinn, John Hopkin, David Gillick, Brian Grant, R. Mike Heitkamp, Jr., Daniel J. Dwyer, and Richard Frisch, Jr. are the duly designated and acting Trustees of the Masonry Institute.

8. Plaintiff, Bricklayers' Union Local No. 1 of Missouri ("the Union"), is a labor organization representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

9. Defendant Marvin Peebles Masonry, Inc. is a Missouri corporation in good standing.  Defendant conducts business and maintains offices within this judicial district.  Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7) having an office and place of business within this judicial district.

10. This Court has jurisdiction by reason of Sections 502(a)(3)(ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of contracts with defendant.

11. At all times material, defendant was bound by the provisions of collective bargaining agreements requiring weekly payments to the Welfare, Pension, Supplementary Pension, International Pension, Vacation, Apprenticeship and Training and International

Apprenticeship Trusts and to the Masonry Institute, the Marketing Board, the Research Board and the Mason Contractors Association in specified amounts through the purchase of fringe benefit stamps and the submission of monthly report forms. The collective bargaining agreements also provide for the weekly payment of union dues through the purchase of fringe benefit stamps.

12. The collective bargaining agreements also require defendant to submit monthly reports to plaintiffs showing the number of hours worked by employees of defendant.

13. The collective bargaining agreements and the plans adopted by the Trustees of the Welfare, Pension, Supplementary Pension, International Pension, Vacation, Apprenticeship and Training and International Apprenticeship Trusts also provide that the Trustees shall be permitted to examine employers' books and records to insure that stamp purchases have been properly made in accordance with the terms of the collective bargaining agreements.

14. The collective bargaining agreements require the payment of liquidated damages and interest on delinquent amounts.

15. Defendant has failed to purchase the required fringe benefit stamps or otherwise pay the required fringe benefit contributions.

16. Plaintiffs are entitled to recover, in addition to the above, interest and liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreements.

WHEREFORE, plaintiffs pray the Court as follows:

A. For a judgment against defendant for delinquent contributions.

B. For judgment against defendant for liquidated damages on the delinquent contributions.

      C.      For costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

      D.      For such other and further relief as the Court may consider appropriate under the circumstances.

HAMMOND AND SHINNERS, P.C.
7730 Carondelet, Suite 200
St. Louis, Missouri 63105
Phone: (314) 727-1015
Fax:   (314) 727-6804


/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381MO

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed with the U.S. District Court via electronic mail on February 28, 2014, and that a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 20220.


/s/ Greg A. Campbell